**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

**JUAN CASTRO and JOSE DIAZ,**

**Plaintiffs,**

**vs.** **Case No.:**

**THEERATAT & PREEDA CORPORATION, a Florida for Profit Corporation, and AMPAI SONGBANDIT, individual Defendant,**

**Defendants.**
______________________________/

**VERIFIED COMPLAINT & DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiffs, JUAN CASTRO and JOSE DIAZ, by and through undersigned counsel, hereby sues the Defendant, THEERATAT & PREEDA CORPORATION, a Florida For Profit Corporation, and Defendant AMPAI SONGBANDIT, individually, and allege as follows:

**INTRODUCTION**

1. This is an action by the Plaintiffs against their former employer for unpaid overtime compensation, unpaid minimum wages, liquidated damages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

2. This action is brought as under the FLSA to recover from Defendants overtime compensation, unpaid minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

## JURISDICTION

3. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

4. Defendant is a Florida for Profit Company that operates and conducts business in, among others, Indian River County, Florida with offices located at: 42 Royal Palm Pointe, Vero Beach, FL 32960 and 1306 20th St. Vero Beach, FL 32960; and is therefore, within the jurisdiction of this Court.

## VENUE

5. The venue of this Court over this controversy is proper based upon the claim arising in Indian River County, Florida.

## PARTIES

6. Plaintiff, JUAN CASTRO, was an employee of the Defendants within the last three (3) years for Defendants in Indian River County, Florida.

7. Plaintiff, JOSE DIAZ, was an employee of the Defendants within the last three (3) years for Defendants in Indian River County, Florida.

8. Defendant, THEERATAT & PREEDA CORPORATION, is a private company owning and operating a D.B.A. company with the fictitious name SAKE JAPANESE & THAI RESTAURANT.

9. Defendant, THEERATAT & PREEDA CORPORATION, conducts business as a restaurant, specifically a Thai Restaurant & Sushi Bar.

10. Defendant, AMPAI SONGBANDIT, is the acting manager, registered agent and sole corporate officer of Defendant, THEERATAT & PREEDA CORPORATION.

## FACTUAL ALLEGATIONS

11. Plaintiff, JUAN CASTRO, worked as "laborer" for Defendants and performed related activities on Defendants' properties (i.e. cooking and preparing meals, cleaning, etc.).

12. Plaintiff, JOSE DIAZ, worked as "laborer" for Defendants and performed related activities on Defendants' properties (i.e. cooking and preparing meals, dishwashing, etc.).

13. In this capacity, Plaintiff, JUAN CASTRO, was informed he earned $75.00 (2013), $80.00 (2014), $85.00 (2015), and $90.00 (2016) per day. However, Plaintiff was never paid additional compensation for overtime hours worked.

14. In this capacity, Plaintiff, JOSE DIAZ, was informed he earned $75.00 (2015-2016) per day. However, Plaintiff was never paid additional compensation for overtime hours worked.

15. Plaintiff, JUAN CASTRO, worked for Defendants from approximately January 23, 2013 through September 2016.

16. Plaintiff, JOSE DIAZ, worked for Defendants from approximately January 05, 2015 through September 02, 2016.

17. During Plaintiffs' employment, Plaintiffs worked in excess of forty (40) per work week during one or more work weeks.

18. Specifically, Plaintiffs were required to work up to eleven (11) hours per day, sometimes six (6) to seven (7) days per week, resulting in sixty six (66) to seventy seven (77) hours per week, during one or more work weeks.

19. However, Plaintiffs were not paid overtime compensation of one and a half times their regular rate of pay per hour for overtime hours worked.

20. As a result, Plaintiffs should have received compensation at time and one half

their regular rate of pay for all hours worked beyond the forty (40) hours per week.

21. During their employment with Defendants, Plaintiffs were not paid at least full minimum wage for all hours worked during one or more work weeks.

22. Plaintiffs consulted with undersigned counsel regarding Defendants' illegal pay practices and letter of representation requesting records was served on the Defendants.

23. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiffs are in the possession and custody of Defendants.

24. Defendants' failure and/or refusal to properly compensate Plaintiffs at the rates and amounts required by the FLSA were willful.

## COVERAGE

25. At all material times relevant to this action (2013-2016), Defendant, THEERATAT & PREEDA CORPORATION, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

26. At all material times relevant to this action (2013-2016), Defendant, THEERATAT & PREEDA CORPORATION, made gross earnings of at least $500,000 annually.

27. At all material times relevant to this action (2013-2016), Defendant, THEERATAT & PREEDA CORPORATION, accepted payments from customers based on credit cards issued by out of state banks.

28. At all material times relevant to this action (2013-2016), Defendant, THEERATAT & PREEDA CORPORATION, routinely ordered materials or supplies from out of state. (e.g. food and restaurant products, supplies, and equipment that previously moved through

commerce, etc.).

29. At all material times relevant to this action (2013-2016), Defendant, THEERATAT & PREEDA CORPORATION, had two (2) or more employees, including Plaintiff, engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce. (e.g. food and restaurant products, supplies, and equipment that previously moved through commerce, etc.).

30. At all material times relevant to this action (2013-2016), Defendant, THEERATAT & PREEDA CORPORATION, used U.S. mail to send and receive letters to and from other states.

31. At all times relevant to this action (2013-2016), Defendant, THEERATAT & PREEDA CORPORATION, failed to comply with 29 U.S.C. §§ 201-209, because Plaintiffs performed services for Defendants, for which no provisions were made by Defendants, to properly pay Plaintiffs for those hours worked in excess of forty (40) within a work week.

32. Defendant, AMPAI SONGBANDIT, is a manager who acted with direct control over the work, pay, and job duties of Plaintiffs.

33. Defendant, AMPAI SONGBANDIT: (1) had the power to hire and fire Plaintiffs, (2) supervised and controlled Plaintiffs' work schedules or conditions of employment, (3) determined Plaintiffs' rate and method of payment, and (4) maintained employment records.

34. As such, Defendant, AMPAI SONGBANDIT, is charged with responsibility for violations of Plaintiffs' rights to overtime and minimum wage damages.

**COUNT I - RECOVERY OF OVERTIME COMPENSATION VERSUS THEERATAT & PREEDA CORPORATION**

35. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1 through 34 above.

36. Plaintiffs are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

37. During their employment with Defendant, THEERATAT & PREEDA CORPORATION, Plaintiffs regularly worked overtime hours but were not paid time and one half compensation for the same, contrary to §207(a) of the FLSA. Specifically, Plaintiffs were required to work up to eleven (11) hours per day, sometimes six (6) to seven (7) days per week, resulting in sixty six (66) to seventy seven (77) hours per week, during one or more work weeks, and received only a daily rate for all hours worked.

38. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiffs, time and one half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

39. As a result of Defendant's willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

40. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs demand judgment against Defendant, THEERATAT & PREEDA CORPORATION, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked for which Defendant did not properly compensate, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

**COUNT II- RECOVERY OF OVERTIME COMPENSATION**
**<u>VERSUS AMPAI SONGBANDIT, INDIVIDUALLY.</u>**

41. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1 through 34 above.

42. Plaintiffs are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

43. During their employment with Defendant, AMPAI SONGBANDIT, Plaintiffs regularly worked overtime hours but were not paid time and one half compensation for the same, contrary to §207(a) of the FLSA. Specifically, Plaintiffs were required to work up to eleven (11) hours per day, sometimes six (6) to seven (7) days per week, resulting in sixty six (66) to seventy seven (77) hours per week, during one or more work weeks, and received only a daily rate for all hours worked.

44. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiffs, time and one half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

45. As a result of Defendant's willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

46. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs demand judgment against Defendant, AMPAI SONGBANDIT, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked for which Defendant did not properly compensate, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

**COUNT III - RECOVERY OF MINIMUM WAGES (FEDERAL)**
**VERSUS THEERATAT & PREEDA CORPORATION**

47. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1 through 34 above.

48. Plaintiffs are/were entitled to be paid minimum wage for each hour worked during their employment with Defendant, THEERATAT & PREEDA CORPORATION.

49. During their employment with THEERATAT & PREEDA CORPORATION, Plaintiffs were required to work up to eleven (11) hours per day, sometimes six (6) to seven (7) days per week, resulting in sixty six (66) to seventy seven (77) hours per week, during one or more work weeks, but were only paid a daily rate for all hours worked.

50. Plaintiffs were therefore not paid at least full minimum wage for all hours worked during one or more work weeks during their period of employment.

51. Plaintiffs have demanded proper compensation for one or more weeks of, but THEERATAT & PREEDA CORPORATION has refused and/or failed to compensate them for the same. As a result, Plaintiffs have not been paid the minimum wage for each hour worked during one or more weeks.

52. THEERATAT & PREEDA CORPORATION willfully failed to pay Plaintiffs minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

53. As a direct and proximate result of THEERATAT & PREEDA CORPORATION's deliberate underpayment of wages, Plaintiffs have been damaged in the loss of minimum wages for one or more weeks, plus incurring reasonable attorneys' fees and costs.

54. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs demand judgment against THEERATAT & PREEDA CORPORATION, for minimum wage damages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

**COUNT IV - RECOVERY OF MINIMUM WAGES (FEDERAL) VERSUS AMPAI SONGBANDIT, INDIVIDUALLY.**

55. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1 through 34 above.

56. Plaintiffs are/were entitled to be paid minimum wage for each hour worked during their employment with AMPAI SONGBANDIT.

57. During their employment with AMPAI SONGBANDIT, Plaintiffs were required to work up to eleven (11) hours per day, sometimes six (6) to seven (7) days per week, resulting in sixty six (66) to seventy seven (77) hours per week, during one or more work weeks, but were only paid a daily rate for all hours worked.

58. Plaintiffs were therefore not paid at least full minimum wage for all hours worked during one or more work weeks.

59. Plaintiffs have demanded proper compensation for one or more weeks of work with AMPAI SONGBANDIT, but he has refused and/or failed to compensate them for the same. As a result, Plaintiffs have not been paid the minimum wage for each hour worked during one or more weeks of employment.

60. AMPAI SONGBANDIT willfully failed to pay Plaintiffs minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

61. As a direct and proximate result of AMPAI SONGBANDIT's deliberate underpayment of minimum wages, Plaintiffs have been damaged in the loss of minimum wages for one or more weeks, plus incurring reasonable attorneys' fees and costs.

62. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs demand judgment against AMPAI SONGBANDIT for compensatory minimum wage damages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

**DEMAND FOR JURY TRIAL**

63. Plaintiff demands a jury trial on all issues so triable against Defendants.

Dated this 21st day of November, 2016.

Respectfully submitted,

Aaron Hines, Esquire
FBN 81690
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 428-6241
Facsimile: (407) 245-3342
Email: ahines@forthepeople.com
*Trial Attorneys for Plaintiff*

**28 U.S.C. § 1746 Declaration Under Penalty of Perjury**

I, JUAN CASTRO, declare under penalty of perjury that the foregoing is true and correct.

DATED this 16 day of November, 2016.

JUAN CASTRO

**28 U.S.C. § 1746 Declaration Under Penalty of Perjury**

I, JOSE DIAZ, declare under penalty of perjury that the foregoing is true and correct.

DATED this 16 day of November, 2016.

JOSE DIAZ